Foley, J., dissenting: In section 3463(a) of the Internal Revenue Service Restructuring and Reform Act of 1998 (RRA 1998), Pub. L. 105-206, 112 Stat. 685, 767, Congress provided: “The Secretary of the Treasury or the Secretary’s delegate shall include on each notice of deficiency * * * the date determined by such Secretary (or delegate) as the last day on which the taxpayer may file a petition with the Tax Court.” Congress further provided that the date determined by the Internal Revenue Service (IRS) would establish the deadline for filing a petition with this Court. Section 3463(b) of RRA 1998 amends section 6213(a) by adding the following thereto: “Any petition filed with the Tax Court on or before the last date specified for filing such petition by the Secretary in the notice of deficiency shall be treated as timely filed.” The majority concludes that “Because the last date for filing a timely Tax Court petition was not specified by the deficiency notice in this case, the petition could not be filed on or before any such date”, majority op. p. 362, and that “the last sentence of section 6213(a) * * * does not operate in the instant case”, majority op. p. 363. I disagree. The plain language of the statute provides that the IRS must determine a date; this date may establish a deadline that is later than the statutorily prescribed 90-day period; and petitions filed on or before the deadline established by the IRS shall be treated as timely filed. Respondent’s failure to provide any specified date is tantamount to providing that there is no deadline. Accordingly, the petition is timely. The majority asserts that “Respondent’s position finds further support in the legislative history”. Majority op. p. 362. Again, I disagree. Assuming arguendo that the statute is not clear on its face, the legislative history, on the contrary, bolsters petitioner’s contention. In setting forth the rationale for the amendment to section 6213(a), the Senate Finance Committee report (report) states: “The Committee believes that taxpayers should receive assistance in determining the time period within which they must file a petition in the Tax Court and that taxpayers should be able to rely on the computation of that period by the IRS.” S. Rept. 105-174, at 90 (1998), 1998-3 C.B. 537, 626 (emphasis added). Focusing on the statement that “taxpayers should be able to rely on the computation of that period by the IRS”, the majority emphasizes that petitioner did not contend that he detrimentally relied on the information in the notice and that the theory of detrimental reliance is not applicable in this case because no misleading information was provided. I agree that the theory of detrimental reliance is not applicable. Neither the statute nor the legislative history imposes such a requirement. While the report provides that “taxpayers should be able to rely on the computation of that period by the IRS”, the report does not require a taxpayer to establish detrimental reliance. Moreover, I believe the IRS provided misleading information to petitioner. While the text of the notice states that “you have 90 days from the above mailing date of this letter * * * to file a petition”, the space in the upper right corner of the notice, entitled “Last Day to File a Petition With the United States Tax Court”, is blank. This notice is more confusing than notices issued under prior law and creates the type of confusion that Congress intended to remedy. The IRS made a mistake and did not follow the congressional mandate, and, as a result, the petition should, pursuant to section 6213(a), be treated as timely filed. The majority’s holding is contrary to the statute and legislative history. In essence, it allows the IRS to circumvent the congressional mandate. That is an unreasonable interpretation of the statute. Accordingly, I respectfully dissent. Colvin, J., agrees with this dissenting opinion.